## STATE v. ROBLEY D. CRAMER.[1]

January 25, 1935.

No. 30,055.

*Thomas E. Latimer* and *A. G. Cooper*, for appellant.

*Harry H. Peterson*, Attorney General, *Roy C. Frank*, Assistant Attorney General, *Ed J. Goff*, County Attorney, and *Per M. Larson*, Assistant County Attorney, for the state.

I. M. OLSEN, JUSTICE.

Defendant was indicted by the grand jury of Hennepin county, charged with the crime of libel. He demurred to the indictment

[1]Reported in 258 N. W. 525.

and appeals from an order overruling the demurrer. The district judge certified that the question raised by the demurrer is, in his opinion, important and doubtful, so as to permit an appeal to this court.

■ Briefly stated, the indictment charges that the defendant, being then and there the editor and managing editor of a newspaper entitled *The Minneapolis Labor Review*, which paper was generally circulated in said county of Hennepin and state of Minnesota, did then and there unlawfully, wilfully, knowingly, and maliciously, on or about July 29, 1932, at the city of Minneapolis in said county and state, print and publish in said newspaper the false, libelous, and defamatory matter set out in said indictment of and concerning J. C. Buckbee, H. M. Porter, H. T. Bertsch, E. J. O'Brien, J. W. Schroeder, and other persons unknown to the grand jury, all of such persons being associated together under the name and style of The Citizens Alliance of Minneapolis, a voluntary unincorporated association.

The libelous and defamatory article set out in the indictment reads in part as follows:

. "Citizens Alliance feeds jobless garbage. Hungry mother faints in Court House, near riot results at Council. Mouldy field corn and bread, rotten onions Citizens Alliance ration. Unemployed workers of Minneapolis and their families shunted by the Welfare Board because of technicalities to the misnamed relief station of the Citizens Alliance and Floyd Taylor are given garbage to eat.

"Mrs. Clara Szmyska of 351 Monroe Street N. E., mother of six children * * * turned over to the committees rotting, mouldy food that had been given to her at the misnamed Citizens Alliance relief station. It was food unfit for human consumption. If Mrs. Szmyska and her family had attempted to eat the food they would undoubtedly have died from food poisoning."

It is further alleged:

"That the said Citizens Alliance of Minneapolis is a voluntary unincorporated association of persons consisting of J. C. Buckbee, H. M. Porter, H. T. Bertsch, E. J. O'Brien, J. W. Schroeder, and

other persons to the Grand Jury unknown, and the said Robley D. Cramer did wilfully, unlawfully, wrongfully, knowingly and maliciously publish the aforesaid false and defamatory language of and concerning the said persons and the said Citizens Alliance of Minneapolis, with intent then and there had and entertained by the said Robley D. Cramer to expose, and which false and defamatory language did expose, the said Citizens Alliance of Minneapolis, and the persons associated as such, to hatred, contempt, ridicule and obloquy, and which had a tendency to cause and did cause the said persons so associated to be shunned and avoided and did injure such persons, and each of them, so associated in his or their business and occupation; contrary to the statute in such case made and provided, and against the peace and dignity of the State of Minnesota."

That the published article in question is libelous and defamatory on its face needs no discussion. The main contention of the defendant is that the indictment does not state that the persons named as being libeled were residents of Hennepin county, wherein the newspaper was circulated. Hence it is argued that it fails to show that the publication could expose such persons to hatred, contempt, ridicule, and obloquy or cause them to be shunned. The indictment does directly charge that the libelous article was published of and concerning the individuals named. By 2 Mason Minn. St. 1927, § 10651, it is provided:

"An indictment for libel need not set forth any extrinsic facts for the purpose of showing the application to the party libeled of the defamatory matter on which the indictment is founded, but it shall be sufficient to state generally that the same was published concerning him, and the fact that it was so published shall be established on the trial."

This statute dispenses with the necessity of a lengthy recital of the facts in the indictment on this point and substitutes therefor the direct and short allegation that the libelous language was published of and concerning the person or persons named therein. It

leaves the extrinsic facts to show the application of the libel to the person or persons named to be shown by the evidence.

■ There is some claim that because the indictment charges that the false and defamatory language did expose persons named to hatred, contempt, ridicule, and obloquy, and caused said persons to be shunned and avoided, and also charged that it had a tendency to and did cause said persons to be injured in their business and occupation, it was defective in failing to state the business engaged in by said persons. If we assume that the charge of injury to business and occupation is insufficient, the charge that the defamatory language did expose the persons named to hatred, contempt, ridicule, and obloquy and caused said persons to be shunned and avoided is sufficient. The statute does not require the indictment to state both classes of resultant injury, 2 Mason Minn. St. 1927, § 10112, and a defective charge as to one kind or class of injury, where other sufficient charges are made, may be disregarded as surplusage.

■ It is argued that because the libelous article names The Citizens Alliance, an unincorporated association, and does not name the persons charged in the indictment as having been libeled, therefore the indictment is insufficient. The indictment sufficiently shows that the persons named were, with others to the grand jury unknown, associated under that name, and, consequently, when speaking of the association, its members, although not specifically named, were included. The Citizens Alliance was but a name used by the members.

The association, as such, had no legal status, and any discussion as to whether the association, aside from its members, could be libeled or injured is not required.

The indictment is held sufficient, and the order appealed from is affirmed.

DEVANEY, CHIEF JUSTICE (concurring specially).

I concur specially. The indictment herein states specifically that the article published by defendant, which mentioned no individuals by name but only an unincorporated group or association, libeled

and held up to hatred, contempt, and ridicule the individual members named in the indictment and other persons unknown. Defendant demurred to the indictment. For the purpose of a demurrer, the facts stated must be taken as true. So in this action the court must accept it as a fact that this publication libeled these individuals. Under 2 Mason Minn. St. 1927, § 10651, it is not necessary in the indictment to "set forth any extrinsic facts for the purpose of showing the application to the party libeled of the defamatory matter." Therefore the demurrer must be overruled.

Defendant urges the point that this demurrer should be sustained for the reason that the individual members of the group libeled were unknown, being members of a secret or semi-secret organization. This point is not before us, and there is nothing in the record to sustain appellant's contention as to this fact. If on the trial such is proved to be the fact, I believe this case distinguishable from the long line of cases, collection of which can be found in 19 A. L. R. 1455, at p. 1531, holding that criminal prosecution can be had even though no specific person or a group or class has been mentioned in the alleged libel. If appellant's contention is true, it seems to me that the allegedly libelous matter did not tend to incite a breach of the peace and so is not controlled by the rule of the above cited line of authorities.